FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2025-0590
_____

JOHN LINDER,

    Appellant,

    v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

July 1, 2026

PER CURIAM.

John Linder petitioned for writ of mandamus seeking to compel the Commission on Offender Review to refrain from placing him on conditional release supervision upon his release from prison, arguing that such supervision is not permitted by the applicable statute, section 947.1405(2), Florida Statutes. Linder also challenged the order imposing a lien on his inmate trust account for the filing fee associated with the petition. The court dismissed the petition, and denied Linder's motion to vacate the

lien because the mandamus action was not a collateral criminal proceeding in accordance with section 57.085(10), Florida Statutes.

Linder petitioned for writ of certiorari in this court, challenging only the lien order. Because the challenged order was reviewable by direct appeal, we treat the certiorari petition as an appeal of the order denying mandamus relief, and we affirm.

Section 57.085, Florida Statutes, permits an indigent prisoner to initiate a civil proceeding without prepayment of filing fees and costs, but requires that a lien be imposed on the inmate's trust account until the fees are paid in full. § 57.085(5), Fla. Stat. But the statute expressly exempts criminal proceedings and "collateral criminal proceeding[s]" from its lien provisions. § 57.085(10), Fla. Stat. A proceeding is a "collateral criminal proceeding" if the challenged action directly affects the amount of time an inmate must actually spend in prison. *Schmidt v. Crusoe*, 878 So. 2d 361, 367 (Fla. 2003); *see also Ruggirello v. Jones*, 202 So. 3d 935, 937 (Fla. 1st DCA 2016) ("A proceeding is a 'criminal proceeding or a collateral criminal proceeding' under this statute where an 'inmate's time in prison is directly affected' by the outcome." (citation omitted)).

Conditional release supervision is "an additional post-prison supervision program for certain types of offenders that the legislature has determined to be in need of further supervision after release." *Rivera v. Singletary*, 707 So. 2d 326, 327 (Fla. 1998). An eligible inmate who is released from prison due to accrued gain time must serve a term of conditional release supervision. § 947.1405(2). Although gain time shortens the period of incarceration, inmates subject to conditional release supervision "will have to remain under supervision after release from prison for a period of time equal to the amount of gain time awarded." *Duncan v. Moore*, 754 So. 2d 708, 710 (Fla. 2000). If the inmate does not successfully complete that supervision, the remaining term may be served in prison. *See also id*. Accordingly, an inmate's time in prison is not directly affected by the determination of eligibility for conditional release supervision.

Linder relies on *Florida Parole Commission v. Spaziano*, 48 So. 3d 714 (Fla. 2010), to argue that his mandamus petition

constitutes a collateral criminal proceeding exempt from section 57.085. In *Spaziano*, the Supreme Court held that a mandamus petition challenging the calculation of a Presumptive Parole Release Date ("PPRD") qualified as a collateral criminal proceeding because the challenged action directly affected the date on which the inmate could be released from prison. *Id*. at 721. Determining a PPRD necessarily involves calculating the length of an inmate's incarceration and the inmate's potential release date under the applicable sentencing framework. *Id*.

Unlike the proceeding involved in *Spaziano*, Linder's petition does not challenge the calculation of gain time or the date of his release from incarceration. Whether an inmate is subject to conditional release does not directly affect the amount of time he must actually spend in prison. Accordingly, his petition seeking determination of his eligibility for conditional release supervision is not a collateral criminal proceeding, as that phrase in section 57.085(10) has been defined.

AFFIRMED.

RAY, WINOKUR, and TREADWELL, JJ., concur.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

John Linder, pro se, Appellant.

Mark Hiers, Deputy General Counsel, Florida Commission on Offender Review, Tallahassee, for Appellee.